IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AUGUSTINE SALISU ONIPE,

        CASE NO. 2:16-cv-0697
Petitioner,        CRIM. NO. 2:98-cr-0053

        JUDGE ALGENON L. MARBLEY
v.        MAGISTRATE JUDGE KEMP

UNITED STATES OF AMERICA,

Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Augustine Salisu Onipe, who was convicted of a federal offense in this Court in 1998, has filed a motion to vacate pursuant to 28 U.S.C. §2255 (Doc. 34). The United States has responded, and Petitioner has replied. Petitioner has also filed motions for appointment of counsel (Docs. 40 and 45) and for emergency action on the motion to vacate (Doc. 47). For the following reasons, the Court will deny those motions and will recommend that the motion to vacate be **DENIED**.

### I. Procedural History

This case began when the United States filed an information charging Petitioner with one count of bank fraud. Petitioner pleaded guilty and was sentenced to six months of imprisonment, to run concurrently with a sentence imposed in a state case. He was also ordered to serve a period of supervised release and to pay restitution. Petitioner timely appealed, but on November 9, 1998, the appeal was dismissed. The mandate issued on January 11, 1999, and nothing further occurred in the case for over fourteen years.

In a proceeding which has no impact on the current motion to vacate, the United States moved on June 21, 2013, to substitute the FDIC as the victim in the case in place of Ohio Savings Bank, which had subsequently been acquired by another bank over which the FDIC was then appointed as a receiver.  The Court granted that motion on the same day, and the case went dormant for three more years.

The motion to vacate was signed by Petitioner on July 14, 2016 and filed on July 18, 2016.  In it, Petitioner claims that he was unaware that his guilty plea might have immigration consequences, and he asks the Court to allow him to withdraw his plea and to dismiss the case.  He also takes issue with the restitutionary award, claiming that it should have been divided evenly among him and his co-defendants, but since they cannot be located, he will end up shouldering the entire burden.  He explains in an addendum to his motion that he is facing deportation if his conviction is not vacated.

Not surprisingly, in its response, the United States argues that the motion was not timely filed, coming some seventeen-plus years after Petitioner's conviction became final.  The United States also argues that Petitioner cannot take advantage of equitable tolling to prevent the statute of limitations from running.  Consequently, it asks that the motion be denied.

Petitioner has made several additional filings in support of his motion, including a response which pre-dates the United States' response, *see* Doc. 39, and two replies, *see* Docs. 44 and 46.  He argues that he is entitled to have the decision on which he relies,

*Padilla v. Kentucky*, 559 U.S. 356 (2010), retroactively applied to his situation through the issuance of a writ of *coram nobis*.  He does not further address the issue of restitution.

## II. Discussion

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court was asked to decide whether a criminal defense attorney who failed to advise his client of the immigration consequences of his guilty plea performed in a constitutionally ineffective manner.  The Kentucky Supreme Court, concluding that immigration consequences were merely collateral to a criminal conviction, said no.  The United States Supreme Court reversed, holding that "counsel must advise her client regarding the risk of deportation," *id*. at 367,  and remanded the case to the state courts to determine whether the defendant had been prejudiced by counsel's failure to give that advice, which is the second prong of the familiar test applied to claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner alleges, and the United States does not dispute, that his attorney did not provide him with the advice which, under *Padilla*, she was constitutionally obligated to provide (although it is worth pointing out that *Padilla* was not decided until almost twelve years after Petitioner entered his guilty plea).  The question here is not so much the quality of counsel's representation as it is whether Petitioner was entitled, in 2016, to obtain any relief.  The Court concludes that he was not.

If, as the United States has done, the motion filed by Petitioner is treated as a motion for relief under 28 U.S.C. §2255, it is clearly untimely.  There is a statute of

limitations which applies to motions filed under 28 U.S.C. §2255. Found in §2255(f), the limitations period is one year, and it begins to run on one of four dates, two of which are "the date on which the judgment of conviction becomes final," *see* §2255(f)(1), and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* §2255(f)(3). Petitioner clearly did not file his motion within one year of the date on which his conviction became final. The only way he can get around the limitations bar is if he filed timely under §2255(f)(3), or if the statute of limitations does not apply at all.

Without going into a lengthy explanation of the underlying law of retroactivity, on the §2255(f)(3) issue, it suffices to say that in *Chaidez v. United States*, 133 S.Ct. 1103 (2013), the Supreme Court held that *Padilla* does not apply retroactively to cases on collateral review. The *Chaidez* court held that because *Padilla* announced a "new rule" of law, that rule cannot, under the Supreme Court's prior ruling in *Teague v. Lane*, 489 U.S. 288 (1989), be applied retroactively to cases on collateral review. *Chaidez*, 133 S.Ct. at 1114. Consequently, Petitioner cannot take advantage of §2255(f)(3) because the basis of that statutory provision - retroactive application of *Padilla* to cases on collateral review - has never occurred.

Petitioner argues in his additional memoranda, however, that he is entitled to a writ of *coram nobis*. As the Court of Appeals explained in *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996),

>The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer "in custody" as required for § 2255 relief. A federal court's power to issue a coram nobis writ comes from the All Writs Act, 28 U.S.C. § 1651.1 *See United States v. Morgan*, 346 U.S. 502, 506, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954) ("Since this motion in the nature of the ancient writ of coram nobis is not specifically authorized by any statute enacted by Congress, the power to grant such relief, if it exists, must come from the all-writs section of the Judicial Code"). The Supreme Court resurrected the writ in the *Morgan* decision, but limited its use to "circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511, 74 S.Ct. at 252.
>
>Coram nobis may be used only to review errors "of the most fundamental character, that is, such as rendered the proceeding itself invalid." *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir.1984) (per curiam) (quoting *United States v. Mayer*, 235 U.S. 55, 69, 35 S.Ct. 16, 19–20, 59 L.Ed. 129 (1914)), *cert. denied*, 481 U.S. 1056, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987). The *Flippins* court stated that a coram nobis petition will be granted only when the petitioner demonstrates:
>
>>(1) an error of fact,
>>(2) unknown at the time of trial,
>>(3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known.
>
>*Id*.

Assuming that Petitioner meets all of the technical requirements for the issuance of a writ of *coram nobis*, and that his request for such a writ could be considered to be timely, he still is not entitled to relief.  The Court of Appeals has held that because, under *Chaidez*, courts may not retroactively apply *Padilla* to cases where the conviction became final before *Padilla* was decided, a district court may not grant a writ of *coram nobis* to petitioners - like Petitioner in this case - who fall into that category.  As the

Court of Appeals said, "[b]ecause *Padilla* is prospective only, the District Court cannot apply *Strickland* analysis to the immigration advice at issue, and thus properly denied defendant's petition for a writ of coram nobis**."** *United States v. Manjang*, 634 Fed. Appx. 528, 530 (6th Cir. Dec. 16, 2015). That ruling is clearly correct and bars Petitioner from obtaining relief in any form. Although unpublished decisions from the Court of Appeals, like the *Manjang* case, are not binding on the district courts, *see Schumacher v. State Automibile Mut. Ins. Co.*, 47 F.Supp.3d 618, 632 (S.D. Ohio 2014), there is no question in the Court's mind that *Manjang* reached the correct result and is consistent with decisions from other courts which have faced the same issue. *See, e.g., United States. v. Castro*, 27 F.Supp.3d 284, 287 (D. P.R. 2014)(addressing a defendant in the exact same situation as Petitioner here and holding that, due to the Supreme Court's ruling in *Chaidez*, the defendant "cannot benefit from the ruling in *Padilla*").

If true, it is unfortunate that Petitioner was not advised of the potential immigration consequences of his plea, although it is an open question whether, in 1998, counsel's failure to render such advice rose to the level of ineffective assistance of counsel. Had he been so advised, however, and elected to go to trial, he faced the risk of conviction, which would have likely led to a longer sentence and left him in the same position he is in now concerning deportation. Based on the case law cited above, however, this Court cannot grant him any relief either in the form of an order granting a motion to vacate filed under §2255 or in the form of a writ of *coram nobis*. Because that is so, it is recommended that his motion to vacate (Doc. 34) be denied.

### III. Recommendation and Order

For the reasons stated above, the Court concludes that Petitioner is not entitled to relief. Appointing him counsel would not change that result. His motions for the appointment of counsel (Docs. 40 and 45) are therefore **DENIED**. His motion for emergency relief (Doc. 47) is **DENIED AS MOOT** given that the Court has now issued a ruling in this matter. It is recommended that the motion to vacate (Doc. 34) be **DENIED**.

### IV. Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal

the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.


/s/ Terence P. Kemp
United States Magistrate Judge
